# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| LYNN GARNER, TWYLIA ROBBINS, and ALISHA RECKTENWALD, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>THE ANTHEM COMPANIES, INC.,<br><br>        Defendant. | Civil Action No. 3:19-CV-900-CHB |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, The Anthem Companies, Inc., by and through its counsel and pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, files this Notice of Removal with respect to the case identified as *Lynn Garner, Twylia Robbins, and Alisha Recktenwald v. The Anthem Companies, Inc.*, Case No. 19-CI-002536, and currently pending in the Jefferson Circuit Court, Division 13 of the Commonwealth of Kentucky. In support of this Notice, Anthem states as follows:

## STATE COURT ACTION

1. On April 24, 2019, Plaintiffs Garner, Twylia Robbins, and Alisha Recktenwald (collectively, "Plaintiffs"), on behalf of themselves and all others (purportedly) similarly situated, filed this putative class action lawsuit in the Jefferson Circuit Court, Division 13 of the Commonwealth of Kentucky, styled *Lynn Garner, Twylia Robbins, and Alisha Recktenwald v. The Anthem Companies, Inc.*, Case No. 19-CI-002536 ("Complaint"). (A true and correct copy of the Complaint, along with the summons, is attached as Exhibit A.)

2. In the Complaint, Plaintiffs allege that Defendant improperly classified them, and all other individuals who have worked for the Company as "Utilization Management Nurses" or

in other similar job positions in Kentucky since April 24, 2014, as exempt from the overtime pay requirements under Kentucky Wages and Hours Act, KRS 337.010, *et seq.*, thereby depriving them of overtime compensation at a rate of one-and-one-half times their regular rates or pay for all hours worked above forty hours per workweek. Ex. A, Compl. ¶¶ 1-2, 22, 26, 31.

3. As set out in their Complaint, Plaintiffs seek to certify and represent a class of "[a]ll persons who are, have been, or will be employed in Kentucky by Defendant as utilization management nurses or other similar job positions, at any time from five years prior to the filing of this complaint through resolution of this action." *Id.* at ¶ 31.

4. Plaintiffs seek to recover, on behalf of themselves and the putative class, alleged unpaid overtime compensation reaching back five years from the filing of the Complaint, an equal amount in liquidated damages, attorneys' fees, and costs. *Id.* at ¶ 46.

5. In their Complaint, Plaintiffs allege multiple times that the number of putative class members "exceeds 40 but is less than 100." *Id.* at ¶ 33; *see also id.* at ¶ 8 ("[T]he number of members of all proposed plaintiffs in the aggregate…is less than 100.")

6. Since Plaintiffs filed their Complaint, Defendant has undertaken a diligent investigation—which continues to present—to, among other things, support its understanding of the claims and defenses in the case, to permit it to respond adequately to discovery and, when necessary, to supplement its responses, and to ascertain the current and former employees who might comprise the putative class that Plaintiffs might ultimately move to certify.

7. On September 27, 2019, Plaintiffs served written discovery responses in which they state that "the proposed class includes, at a minimum, the titles of Nurse Medical Management I and Nurse Medical Management III." Ex. C (described below), Pls.' Mem. at Exs. 3, 10, and 11 (answers to Interrog. No. 3).

8. Also on September 27, 2019, as part of a conferral concerning various written discovery issues, Defendant agreed to produce, subject to a consent protective order, a list of names, titles, and salaries of individuals who worked in the Nurse Medical Management I or Nurse Medical Management II roles during the class period in Kentucky in response to Plaintiffs' first set of written discovery requests. Defendant produced the list, which reflected 41 individuals, on October 16, 2019, following the parties' entry into and filing of a consent protective order. *Id.*

9. On November 7, 2019, Plaintiffs filed their Motion for Class Certification (attached as Exhibit B) and Memorandum in Support (attached as Exhibit C). There was no deadline set in the state court for Plaintiffs to move for class certification, and they filed before taking any depositions. Defendant's response is currently due on December 13, 2019, though Plaintiffs' counsel agreed on December 9, 2019 to push the deadline back an additional week, to December 20, in light of an ongoing dispute concerning the sufficiency of Plaintiffs' discovery responses.

10. In their Motion for Class Certification, Plaintiffs seek certification of a class of "all persons who are, have been, or will be employed in Kentucky by Defendant as Medical Management I or Medical Management II Nurses at any time from five years prior to the filing of the Complaint through the resolution of this action." Ex. B, Pls.' Mot. at 1.

11. In their Motion, Plaintiffs state that the number of individuals on the putative class list produced by Defendant on October 16 is "erroneously low…" Ex. C, Pls.' Mem. at 5, n.2.

12. Defendant has continued its investigation of the claims and defenses in the case to permit it to respond adequately to discovery (and, where necessary, to supplement its responses) and to ascertain the current and former employees who might comprise the putative class Plaintiffs seek to certify. As a result of these efforts, Defendants produced a supplemental class list on December 9, 2019, just prior to filing this Notice of Removal.

13. The state court has not issued any Orders or other rulings on any aspect of the merits of the litigation or any discovery issues, nor has it entered a scheduling order.

## TIMELINESS OF REMOVAL

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

15. For cases removed under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d)(2), the removal clock of 29 U.S.C. § 1446(b) begins to run only when a defendant "receives a document *from the plaintiff* from which the defendant can *unambiguously ascertain* CAFA jurisdiction." *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016) (first emphasis included, second emphasis added).

16. Under this "bright-line rule," a defendant is "not required to search its own business records or 'perform an independent investigation into a plaintiff's indeterminate allegations to determine removability.'" *Id.* (quoting *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014)). "'If removability is not apparent from the allegations of an initial pleading or subsequent document' sent from the plaintiff, the thirty-day clocks of § 1446(b) do not begin." *Id.*

17. From the outset of this case, Plaintiffs have maintained that the size of the putative class is less than 100 and have not asserted allegations as to the amount in controversy with respect to the class. Ex. A., Compl. ¶¶ 8, 33. They have not provided Defendant with a document from which it can unambiguously ascertain CAFA jurisdiction. Thus, the 30-day clock referenced in 29 U.S.C. § 1446(b) has not started to run.[1]

## REMOVAL SUBJECT TO LIBERAL PLEADING STANDARD

---

[1] Even if Plaintiffs contended that their Motion for Class Certification, wherein they note their belief that Defendant's original putative class list was "erroneously low," allowed Defendant to ascertain CAFA jurisdiction, this Notice of Removal would remain timely because it is filed within thirty (30) days of the filing of that Motion, calculated in accordance with Fed. R. Civ. P. 6(a)(1)(C) (if the last day is a Saturday or Sunday, the period continues to run until the end of the next day that is not a weekend or holiday).

4

18. The U.S. Supreme Court has held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Federal Rule of Civil Procedure 8(a), and that, accordingly, such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)).

19. Only if the Court questions or Plaintiffs contest the allegations of removability presented in a Notice of Removal must Defendant submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Id*. at 554.

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

20. This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d)(2).

21. In relevant part, CAFA grants United States District Courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

22. Although there are a number of exceptions to this rule of original jurisdiction contained in amended 28 U.S.C. §§ 1332(d)(3)-(5), none of them apply here.

23. This Court has original jurisdiction under CAFA because this is a civil action filed as a class action in which the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs; the action includes more than 100 putative class members; and at least one member of the class is a citizen of a state different from Defendant. *See* 28 U.S.C. § 1332(d).

24. There is no "presumption against removal" in cases involving CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 135 S. Ct. at 554.

**A.     The Parties Are Sufficiently Diverse**

25.     CAFA requires that at least one "member of a class of plaintiffs is a citizen of a State different from [at least one] defendant." 28 U.S.C. § 1332(d)(2)(A); *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 955 (6th Cir. 2017) ("[U]nder CAFA…only one plaintiff and one defendant need be citizens of different States…").

26.     For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "Place of residence is *prima facie* evidence of domicile. *Markie v. Chastain*, 2005 WL 8156809, at *3 (W.D. Tenn. 2005).

27.     Plaintiffs Lynn Garner and Twylia Robbins are both residents of the State of Kentucky. Ex. A, Compl. ¶¶ 4-5.

28.     For purposes of determining diversity, a corporation is deemed a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The term "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010). This is the corporation's "nerve center," which "will typically be found at a corporation's headquarters." *Id.* at 80-81.

29.     Defendant is now, and since this action commenced has been, organized under the laws of the State of Indiana. Under the foregoing legal standards, its "principal place of business" is in Indiana, where its corporate headquarters is located and from where Defendant's high level officers direct, control, and coordinate the corporation's activities. Ex. A, Compl. ¶ 9.

30.     Based on the foregoing, there is minimal diversity of citizenship between the Parties, as required for removal under CAFA.

### B.     There Are More Than 100 Putative Class Members

31.    CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100. *See* 28 U.S.C. § 1332(d)(5)(B).

32.    As noted above, in their Motion for Class Certification, Plaintiffs state in a footnote that the number of individuals on the original putative class list produced by Defendant is "erroneously low…." Ex. C, Pls.' Mem. at 5, n.2.

33.    Based on a continuing investigation concerning individuals who worked in the Nurse Medical Management I or Nurse Medical Management II job titles in the Commonwealth of Kentucky between April 24, 2014 and the present, Defendant has determined that there are 97 such individuals.

34.    Notably, the class period, as defined by Plaintiffs, extends beyond present day, "through resolution of this action." Ex. A, Compl. ¶ 31. The putative class list reveals that in each of 2016, 2017, 2018, and 2019, *at least* eight individuals who work in one of the two titles at issue in the Commonwealth of Kentucky and *at least* six have been terminated.

35.    Even if Defendant applies an aggressive assumption that this litigation will conclude at the end of 2020, CAFA's 100-person threshold is satisfied by taking into account (i) the 97 individuals who are part of the putative class as of present day, and (ii) minimal turnover between present day and the assumed resolution of this action.

### C.     The Amount in Controversy Exceeds $5,000,000

36.    CAFA authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million.

37.    Plaintiffs' Complaint is silent as to the total amount of monetary relief sought. The failure of the Complaint to specify the total amount of monetary relief sought, however, does not deprive this Court of jurisdiction. A defendant can establish that the amount in controversy exceeds

the jurisdictional amount if there is a substantial likelihood or reasonable probability that the amount in controversy exceeds the jurisdictional amount. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp.*, 559 U.S. at 77.

38. While Defendant denies *any* liability as to Plaintiffs' claims, it is apparent that the amount in controversy exceeds $5 million.

39. Defendant reserves the right to challenge Plaintiffs' claims, adequacy, and standing to represent any class, their class definition, the propriety of class certification, and the calculation of damages in all respects. For purposes of removal only, however, Defendant bases its calculations of the amount in controversy on the allegations in the Complaint, the class definition as clarified by Plaintiffs, and facts known to Defendant and reflected in the most recent putative class lis. By removing this matter, Defendant does not waive—and, to the contrary, reserves—any rights, arguments, and defenses it may have. The amount in controversy is simply an estimate of the total amount in dispute, not proof of the amount Plaintiffs will recover.

40. As reflected in the updated putative class list, during the class period as defined by Plaintiffs (i.e., April 24, 2014 through the conclusion of this litigation), Defendant employed 97 nurses in the Nurse Medical Management I and Nurse Medical Management II job titles in Kentucky. Estimating conservatively, the list reflects that these nurses were employed by Defendant for well over 6,000 weeks between April 24, 2014 and present day and earned an average salary in excess of $60,000 per year. *Id.*

41. Plaintiffs allege Defendant "failed to pay [them] and other members of the Class overtime compensation for all hours they worked in excess of 40 hours per week" and that "each of the UM Nurses, including Plaintiffs, regularly worked 50 or more hours per week." Ex. A, Compl. ¶¶ 25, 42. For purposes of its calculation for removal purposes, Defendant assumes each

of the 97 nurses performed the same amount of alleged overtime work as Plaintiffs allege.

42. Based on the above-referenced figures, the amount of damages at issue based on the claims in Plaintiffs' Complaint for unpaid overtime wages alone is as follows:

    a) Unpaid overtime compensation—**$2,596,800.00**, calculated as follows:

        $60,000 salary ÷ 52 weeks = $1,153.85 weekly salary
        $1,153.85 weekly salary ÷ 40 hours = $28.85 hourly rate
        $28.85 hourly rate x 1.5 = $43.28 overtime rate
        $43.28 overtime rate x 10 overtime hours = $432.80 overtime compensation/week
        $432.80 OT comp./week x 6,000 weeks = $2,596,800.00 total OT comp.

    b) Liquidated damages—**$2,596,800.00** (*see* Ex. B., Compl. ¶ 46).

    c) Total amount in controversy, exclusive of attorneys' fees—**$5,193,600.00**.

43. Thus, the $5,000,000 amount in controversy requirement is satisfied based on the unpaid overtime claims alone, without even considering attorney's fees, which Plaintiffs seek and may be properly included for purposes of assessing the amount in controversy for removal purposes.

**D.**    **Venue**

44. Plaintiffs filed this action in the Jefferson Circuit Court, Division 13, Commonwealth of Kentucky.

45. The United States District Court for the Western District of Kentucky is the federal judicial district embracing the Jefferson Circuit Court, and, therefore, venue is proper.

46. Therefore, without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Western District of Kentucky pursuant to 28 U.S.C. §§ 112(b), 1441(a), and 1446(a).

**E.**    **Procedural Requirements**

47. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings in the State Court Action are attached to this Notice at Exhibit A, Exhibit B, and Exhibit C.

48. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing this Notice with this Court, is serving

a copy of the Notice on counsel for Plaintiffs, and is filing a copy with the Jefferson Circuit Court.

WHEREFORE, Defendant prays that the above-referenced civil action proceed in the United States District Court for the Western District of Kentucky as an action properly removed hereto.

Date: December 9, 2019                                   Respectfully submitted,

By: *s/ Jeffrey A. Calabrese*
    Jeffrey A. Calabrese
    jeff.calabrese@skofirm.com
    Steven T. Clark
    steven.clark@skofirm.com
    STOLL KEENON OGDEN PLLC
    500 West Jefferson St., Ste. 2000
    Louisville, Kentucky 40202
    Tel: (502) 333-6000

    LOCAL COUNSEL FOR DEFENDANT

    Brett C. Bartlett*
    Georgia Bar No. 040510
    bbartlett@seyfarth.com
    Kevin M. Young*
    Georgia Bar No. 183770
    kyoung@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree St. NE, Suite 2500
    Atlanta, Georgia 30309-3958
    Tel: (404) 885-1500
    Fax: (404) 892-7056

    *Pro hac vice to be filed*

    LEAD COUNSEL FOR DEFENDANT

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| LYNN GARNER, TWYLIA ROBBINS, and ALISHA RECKTENWALD, on behalf of themselves and all others similarly situated, </br></br>Plaintiffs, </br></br>v. </br></br>THE ANTHEM COMPANIES, INC., </br></br>Defendant. | Civil Action No. _____ |

## CERTIFICATE OF SERVICE

I certify that on December 9, 2019, I caused a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL** to be served on the following attorneys of record via email:

Clark C. Johnson
Michael C. Merrick
Michael T. Leigh
Kaplan Johnson Abate & Bird LLP
710 West Main Street, Fourth Floor
Louisville, Kentucky 40202

*s/ Jeffrey A. Calabrese*
Local Counsel for Defendant