**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:19-CV-900-CHB-CHL**

**LYNN GARNER, et al.,**                                                                             **Plaintiffs,**

**v.**

**THE ANTHEM COMPANIES, INC.,**                                                            **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Plaintiffs' Unopposed Motion to Seal (DN 40). For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.      BACKGROUND**

On February 7, 2020, Plaintiffs filed a Motion to Certify Class (DN 12) and sought leave to file under seal certain exhibits to their motion (DN 13). Plaintiffs then sought leave to seal the exhibits to their reply in support of their motion for class certification (DN 31). In its April 24, 2020, Order, the Court denied Plaintiffs' motions to seal for failure to comport with the legal standards for the same in this Circuit. (DN 38.) The Court then modified the protective order previously entered in state court prior to this case's removal to require any motion to seal to follow the standard for such motions set forth by the Sixth Circuit. (*Id.*) However, the Court gave Plaintiffs the opportunity to file new motions that addressed the correct standard. (*Id.*)

Plaintiffs now seek to seal Exhibits 8-13, 16-17 to Plaintiffs' Motion to Certify Class (DNs 17-24) and Exhibits 1-3 (DNs 32-33) to Plaintiffs' Reply in Support of their Motion to Certify Class.[1] (DN 40, at PageID # 534.) Plaintiffs contended that the Parties' protective order requires

---

[1] In their motion, Plaintiffs indicated that they no longer seek to seal Exhibits 5-7 to their Motion to Certify Class, which were included in their original motions to seal. (DN 40, at PageID # 534 n.1.) Accordingly, the Court will direct the Clerk to unseal those documents. Because Plaintiffs filed place holder documents as to each sealed exhibit along with their motion indicating that the same was filed under seal, in addition to directing the Clerk to unseal

the party seeking to file material designated as confidential by another party to file a motion to seal but likewise provides that it is the designating party's responsibility to support the need for the seal. (*Id.* at 535-36.) As all documents Plaintiffs now seek to seal were designated confidential by Defendant, Plaintiffs obtained a chart from Defendant containing Defendant's justification for the proposed seal and attached the same to their motion. (*Id.* at 536; DN 40-1; DN 40-2.) Plaintiffs argued that Defendant retained the burden of demonstrating that its documents should be sealed. (DN 40, at PageID # 538.)

## II.  DISCUSSION

### A.  Legal Standard

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored. *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a Motion to Seal, the Court is required to make

---

Exhibits 5-7 (DNs 14, 15, 16), the Court will also direct the Clerk to place a copy of the same at DNs 12-5, 12-6, and 12-7 respectively for ease of access.

2

"specific findings and legal conclusions 'which justify nondisclosure to the public.'" *Rudd,* 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176). "'[A] court's failure to set forth those reasons . . .' is itself sufficient grounds to vacate the seal." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306). The Court will address each of the documents that Plaintiffs seek to seal below.

### B. Analysis

As set forth above, the Court notes that the Sixth Circuit requires "the proponent of sealing" to justify its proposed seal. *Shane Grp.*, 825 F.3d at 305-06 (quoting *Abbott Labs.*, 297 F.3d at 548). Though Plaintiffs contended that Defendant maintained the burden of proving its documents should be filed under seal, to the extent that it is Plaintiffs who filed the instant motion to seal, it is Plaintiffs asking the Court to seal documents, not Defendant. Further, the Court does not agree with Plaintiffs' interpretation of the terms of the Parties' Stipulated Protective and Clawback Order (DN 1-2, at PageID # 55-61). The Order did not originally require the Parties to file a motion to seal prior to filing a document under seal until modified by the Court. (DN 1-2, at PageID # 58 ("[A]n exhibit designated for protection under this Order shall be filed electronically under seal in accordance with the electronic case filing procedures of this Court."); DN 38.) Therefore, the order did not address who maintained the burden of proving that any document should sealed. The order only provided that "the designation of documents for protection under this Order does not mean that the document has any status or protection by status or otherwise, except to the extent and for the purposes of this Order" (DN 1-2, at PageID # 56), which evidences that the Parties recognized a distinction between the designation of a document as confidential and whether it is entitled to protection under the law. To the extent that Plaintiffs have offered Defendant's chart as justification for Plaintiffs proposed seal, the Court will consider the same. However, it is Plaintiffs burden as the party seeking a seal to demonstrate a seal is appropriate.

Nonetheless, the Court recognizes that Plaintiffs are only raising the justifications offered by Defendant in support of their Motion and that given those justifications, much, if not all of the information necessary to support a seal as to the proffered documents is in the hands of Defendant. Because Plaintiffs consulted with Defendant prior to filing the instant motion and because Defendant was given notice of the need to file a motion to seal comporting with the standard by the Court's prior ruling, if the Court denies the motion as to any specific document below, the Court will not allow any additional time for Defendant to attempt to offer additional evidence or argument in support of the motion to seal prior to unsealing the documents. If Defendant wanted to submit such additional evidence or argument, it could and should have already done so.

### 1.     Exhibits 8-13 (DNs 17-22) & Exhibit 2 (DN 33)

Exhibits 2, 8-13 are e-mails from 2015-2018 regarding various topics. (DNs 17-22, 33.) Exhibit 8 is an e-mail discussing case assignments that indicates that the recipients should be prepared to "stay late and work early" to get their work done. (DN 17.) Exhibit 9 is an e-mail that lists various items requested by employees and a response to the same. (DN 18.) The e-mail discusses requests to work at home, requests regarding OT, requests regarding case allocation, and requests regarding staggering shifts. (*Id.*) Exhibit 10 is an e-mail reporting that case volume is high and that the recipients should expect to work extended hours. (DN 19.) Exhibit 11 is an e-mail that discusses a new procedure for capturing nonproductive time, including directions and details regarding the tool used to do the same. (DN 20.) Exhibit 12 is an e-mail that discusses a high volume of cases for the day that includes specific totals of cases. (DN 21.) Exhibit 13 is an e-mail that lists a number of cases broken down by specific categories, including due dates and hospitals, as well as staffing information. (DN 22.) Exhibit 2 is a 2018 e-mail that discusses

working "extended hours tonight" and includes specific numbers of cases and hours to be worked. (DN 33.)

> Plaintiffs' sole justification for filing Exhibits 8-13 under seal is that the documents contain correspondence reflecting confidential and proprietary information exchanged between Anthem and its employees. The information contained in the correspondence speaks to the manner in which Anthem conducted, approached, or may have conducted or approached certain aspects of its business. Anthem has a significant interest in avoiding public disclosure of this sort of information in a manner that could be easily accessed by its competitors.

(DNs 40-2, at PageID # 541-43.) While revealing "sources of business information that might harm a litigant's competitive standing" is an injury that could justify sealing of judicial records, *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978), "in delineating the injury to be prevented, specificity is essential." *Shane Grp.*, 825 F.3d at 307-08 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). The parties' determination that a document is confidential is not dispositive of the court's analysis in a motion to seal. *Beauchamp v. Federal Home Loan Mortgage Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016). Plaintiffs' summary, as taken from Defendant's provided chart, provides little specificity.

Given the descriptions of the e-mails at issue above, the Court finds that Plaintiffs have not offered sufficient information in support of their motion to seal in order for the Court to understand how the information therein is confidential and/or proprietary and/or its disclosure could competitively disadvantage Defendant. Plaintiffs have not explained why case totals or Defendant's plan for managing the number of incoming cases, to the extent that the same is even disclosed in Exhibits 2, 8-13, would competitively disadvantage them. The Court has difficulty believing that the need to work overtime in this industry or high case volume is confidential and proprietary information. Accordingly, Plaintiffs have not demonstrated a compelling interest in sealing the records. Further, given that Plaintiffs have offered these documents in support of their

motion for class certification, the public has the right to assess for itself the merits of judicial decisions. *See Shane Grp.*, 825 F.3d at 305 (quoting *Brown*, 710 F.2d at 1180) ("[T]he public is entitled to assess for itself the merits of judicial decisions. Thus, '[t]he public has an interest in ascertaining what evidence and records the District Court . . . ha[s] relied upon in reaching [its] decisions.'"). In view of this weighty interest, Plaintiffs have not articulated with sufficient specificity any reason to justify a seal. Plaintiffs' Motion to Seal (DN 40) will be denied as to Exhibits 2, 8-13.

### 2. Exhibits 16-17 (DNs 23, 24)

Exhibits 16 and 17 are two charts listing the name, job title, hire date, termination date, and salary of potential class members, including Plaintiffs. (DNs 23, 24; DN 12, at PageID # 215.) Exhibit 17 lists ninety-seven potential class members and Exhibit 16 lists forty-one potential class members. (*Id.*) In support of their request to seal, Plaintiffs stated that the documents contain:

> confidential and private personnel information, such as salary information, pertaining to current and former employees, the overwhelming majority of whom are not currently parties to this case. Anthem has a significant interest in avoiding public disclosure of this sort of information because of its overriding interest in protecting the privacy of its current and former employees.

(DN 40-2, at PageID # 542-43.) While the privacy interests of non-parties can be a compelling reason to justify a seal, the seal proposed by the Plaintiffs is not narrowly-tailored in light of that interest. The privacy concerns raised by Plaintiffs could be answered by simply redacting the names of all the individuals but the Plaintiffs to this lawsuit because the remaining information does not violate the privacy of non-parties if no names are attached. The Plaintiffs have put their information at issue by bringing the instant suit so the disclosure of their information is different than the disclosure of the information of non-parties. Accordingly, the Court will grant in part the motion to seal as to Exhibits 16 and 17. The Court will keep the unredacted versions of DNs 23

and 24 under seal but require Plaintiffs to file a redacted version of DNs 16 and 17 and redact the names of all individuals but the Plaintiffs.

### 3. Exhibit 1 (DN 32)

Exhibit 1 is a call center tip sheet from 2018 that details certain information presumably used by Defendant's employees in responding to calls. (DN 32.) In support of their request to seal, Plaintiffs stated that the "document contain[ed] confidential and proprietary information created by Anthem" and that Anthem "has a significant interest in avoiding public disclosure of this sort of information in a manner that could be easily accessed by its competitors." (DN 40-2, at PageID # 543.) In view of the representation that Defendant created the document for the use of its employees, the document does potentially contain confidential and proprietary information. However, the Court has not been provided with any other specific details regarding the claim that the tip sheet contains confidential and proprietary information, including the steps traditionally taken to shield that information from disclosure, at what cost to Defendant the document was created, and what competitive disadvantage the disclosure of the same would work to Defendant. Accordingly, the Court finds that Plaintiffs have not established a compelling interest in sealing the tip sheet. Plaintiffs' Motion to Seal (DN 40) will be denied as to DN 32.

### 4. Exhibit 3 (DN 34)

Exhibit 3 is the minutes from an April 4, 2018, and April 10, 2018, Staff Meeting. (DN 34.) The minutes contain a list of attendees, revised productivity scores for 2018, information about targets for 2018, information about the nonproductive time tracker discussed in Exhibit 11 (DN 20), and some questions from associates. (*Id.*) In support of their request to seal, Plaintiffs indicated that the

> document contain[ed] confidential and proprietary information created by Anthem. The information contained in the document speaks to the manner in which Anthem

7

>      conducted certain aspects of its business. Anthem has a significant interest in avoiding public disclosure of this sort of information in a manner that could be easily accessed by its competitors.

(DN 40-2, at PageID # 544.) Here again, Plaintiffs provided no specificity regarding the claim that the meeting minutes reveal confidential and proprietary information. The Court is not required to accept the same without support. For the same reasons discussed as to Exhibit 1 above, the Court finds Plaintiffs have not demonstrated a compelling interest justifying their proposed seal. Accordingly, Plaintiffs' Motion to Seal (DN 40) will be denied as to Exhibit 3.

### III. ORDER

IT IS HEREBY ORDERED that Plaintiffs' Unopposed Motion to Seal (DN 40) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The Clerk is directed to **UNSEAL** DNs 14, 15, and 16. In addition, the Clerk shall replace the current DN 12-5 with DN 14, DN 12-6 with DN 15, and DN 12-7 with DN 16, all of which shall remain **UNSEALED**.

(2) The motion is **DENIED** as to Exhibits 2, 8-13. The Clerk is directed to **UNSEAL** DNs 17-22. In addition, the Clerk shall replace the current DN 12-8 with DN 17, DN 12-9 with DN 18, DN 12-10 with DN 19, DN 12-11 with DN 20, DN 12-12 with DN 21, DN 12-13-with DN 22, all of which shall remain **UNSEALED**.

(3) The motion is **GRANTED IN PART** and **DENIED IN PART** as to Exhibits 16 and 17. DNs 23 and 24 shall **REMAIN UNDER SEAL**. On or before **June 30, 2020**, Plaintiffs shall file a redacted version of DNs 23 and 24 the redacts the names of all individuals but the Plaintiffs.

(4)     The motion is denied as to Exhibits 1 and 3.  The Clerk is directed to **UNSEAL** DNs 32 and 34.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

 June 12, 2020